Case 3:14-cv-01488-EMC   Document 38   Filed 08/12/14   Page 1 of 3
2:14-mn-02502-RMG   Date Filed 08/12/14   Entry Number 400   Page 1 of 3
Case MDL No. 2502   Document 484   Filed 08/12/14   Page 1 of 3

A TRUE COPY
ATTEST: ROBIN L. BLUME, CLERK

BY: *Sandra S. Shealy*
DEPUTY CLERK

# UNITED STATES JUDICIAL PANEL
## on
# MULTIDISTRICT LITIGATION

IN RE: LIPITOR (ATORVASTATIN CALCIUM)
MARKETING, SALESPRACTICES AND PRODUCTS
LIABILITY LITIGATION (NO. II)                                           MDL No. 2502

## TRANSFER ORDER

**Before the Panel**:[*] Pursuant to Panel Rule 7.1, plaintiffs in three actions move to vacate our orders conditionally transferring the actions to the District of South Carolina for inclusion in MDL No. 2502. Defendant Pfizer Inc. opposes the motions.[1] The actions, which are listed on the attached Schedule A, are pending in the Central District of California (one action), the Eastern District of California (one action), and the Northern District of California (one action).

In their motions to vacate, plaintiffs principally argue that the actions were improperly removed from California state court. As we frequently have held, however, the pendency of jurisdictional objections is not, as a general matter, a sufficient reason to delay or deny transfer. Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

We addressed plaintiffs' other arguments in our recent order denying motions to vacate filed by plaintiffs in 81 other California actions, which, like these three actions, were removed on both Class Action Fairness Act (CAFA) "mass action" grounds and diversity grounds. *See* Transfer Order (J.P.M.L. June 6, 2014) (ECF No. 443). In particular, we rejected the suggestion that where an action has been removed on mass action and other grounds, we should assess the reasonableness of those other grounds. *See id*. at 1. We held that we lacked such authority. *Id*. (citing *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990)). In addition, we rejected the suggestion that we reconsider our precedent holding that CAFA's prohibition on transfer, under 28 U.S.C. § 1407, of an action removed on mass action grounds, absent a request by a majority of the plaintiffs therein,[2] does not constitute an impediment to transfer where other grounds for federal jurisdiction also are asserted. *See id*. at 2 (reaffirming *In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 939 F. Supp. 2d 1376, 1381 (J.P.M.L. 2013)).

---

[*]   Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1]   McKesson Corporation filed a joinder in Pfizer's opposition as to the Eastern District of California and Northern District of California actions.

[2]   *See* 28 U.S.C. § 1332(d)(11)(C)(i).

Case 3:14-cv-01488-EMC   Document 38   Filed 08/12/14   Page 2 of 3
2:14-mn-02502-RMG   Date Filed 08/12/14   Entry Number 400   Page 2 of 3
Case MDL No. 2502   Document 484   Filed 08/12/14   Page 2 of 3

- 2 -

After considering all argument of counsel, we find that these actions involve common questions of fact with actions previously transferred to MDL No. 2502, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our original order directing centralization. In that order, we held that the District of South Carolina was an appropriate Section 1407 forum for actions "shar[ing] factual issues arising from common allegations that taking Lipitor can cause women to develop type 2 diabetes." *See In re: Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, — F. Supp. 2d —, 2014 WL 661589, at *2 (J.P.M.L. Feb. 18, 2014). Plaintiffs do not dispute that their actions share multiple factual issues with those already in the MDL.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the District of South Carolina, and, with the consent of that court, assigned to the Honorable Richard M. Gergel for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Sarah S. Vance |
| R. David Proctor | |

Case 3:14-cv-01488-EMC   Document 38   Filed 08/12/14   Page 3 of 3
2:14-mn-02502-RMG   Date Filed 08/12/14   Entry Number 400   Page 3 of 3
Case MDL No. 2502   Document 484   Filed 08/12/14   Page 3 of 3

**IN RE: LIPITOR (ATORVASTATIN CALCIUM) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION (NO. II)**  MDL No. 2502

## SCHEDULE A

Central District of California

WILLIAMS, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-03477

Eastern District of California

WEAVER v. PFIZER, INC., ET AL., C.A. No. 2:14-00818

Northern District of California

STARK v. PFIZER, ET AL., C.A. No. 3:14-01488